UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GRADY RENARD WILLIAMS, Jr., <br> GDC 1130545, | ) <br> ) <br> ) |  |
| Petitioner, | ) <br> ) |  |
| v. | ) <br> ) | Civil Action No. 24-0879 (UNA) |
| JOSEPH BIDEN, Jr., | ) <br> ) <br> ) |  |
| Respondent. | ) <br> ) |  |

**MEMORANDUM OPINION**

This matter is before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* petition for a writ of mandamus (ECF No. 1). The Court will grant the application and deny the petition.

Petitioner "is domiciled in the Territory of Georgia," Pet. at 2, and currently is incarcerated at Dooly State Prison in Unadilla, Georgia. He identifies himself as "a Moorish American National and Public Minister of the Moorish National Republic Federal Government, born in the Continental United States of America, subject to the Emperor of Morocco[.]" *Id*.; *see* Decl. of Status and Right of Avoidance (ECF No. 7) at 1. Petitioner fancies himself a "real party in interest" who is "a 'separate legal person, corporate or otherwise,' (in the instant case, otherwise["]), Decl. of Status at 2, and therefore, is not "a citizen of a State of the United States," *id*. As such, petitioner allegedly "is not a juristic person which may be 'affected' by PUBLIC STATUTES; but is invested with and bears the status, condition and character of a 'sovereign without subjects.'" *Id*. (emphasis in original). Given this supposed status, petitioner considers

1

himself beyond the reach of Georgia law.  *See, e.g.*, Decl. of Status at 3 (alleging "the court can exercise no jurisdiction whatsoever over the 'real party in interest'").  Allegedly petitioner is "not to be held for detention under any colorable circumstances," Decl. In Chief (ECF No. 4) at 2, and that "[t]he Police Power of the State of Georgia is abridging the rights, privileges, or immunities of the Petitioner, and is denying the Petitioner of his liberty without due process of law, or as denying to him the equal protection of the laws," Pet. at 2; *see* Decl. of Status at 1.  According to petitioner, it is "the ministerial duty of the President of the United States to forthwith demand the release of any Sovereign Moorish American Citizen," such as himself, who allegedly is "UN-justly deprived of his freedom by any Foreign jurisdiction[.]" *Id*. at 3; *see* Pet. at 1.  Alas, petitioner is mistaken.

     A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted).  Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

     Petitioner does not establish a clear right to relief or respondent's clear duty to act.  More importantly, any legal theory based on petitioner's supposed status as a Moorish American or "sovereign citizen" is inherently frivolous, and petitioner well knows.  *See, e.g., Williams v. Georgia*, No. 5:21-cv-439, 2022 WL 568338, at *2 (M.D. Ga. Feb. 24, 2022) (noting that "Plaintiff's filings bear all the hallmarks of the sovereign citizen theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to all litigants, regardless of how they portray themselves")

(cleaned up); *Williams v. United States*, No. 5:21-cv-061, 2021 WL 1239810, at *2 (M.D. Ga. Apr. 2, 2021) (concluding that factual allegations based on "sovereign citizen" theory, "a frivolous legal theory that is consistently rejected by federal courts," were baseless and subject to dismissal as frivolous) (citations and footnote omitted).  In addition, petitioner fails to demonstrate that there is no other remedy available to him.  Petitioner could have, and actually did, seek habeas relief under 28 U.S.C. § 2254, *see Williams v. Ward*, No. 4:22-cv-201, 2022 WL 4473606, at *1 (S.D. Ga. Sept. 26, 2022) (adopting Magistrate Judge's Report and Recommendation to dismiss § 2254 petition as untimely, having been filed years after limitations period expired).

    The Court will grant petitioner leave to proceed *in forma pauperis*, deny the petition for a writ of mandamus, and dismiss this civil action.  An Order accompanies this *Memorandum Opinion*.


                                             TREVOR N. McFADDEN
                                             United States District Judge

DATE: July 24, 2024